IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID HOUSER, §
§ No. 630, 2014
    Defendant Below- §
    Appellant, §
§
    v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for New Castle County
§ Cr. ID 1307003281
    Plaintiff Below- §
    Appellee. §

Submitted: March 6, 2014
Decided: March 30, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VAUGHN**, Justices.

## **O R D E R**

This 30th day of March 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    A Superior Court jury found the defendant-appellant, David Houser ("Houser"), guilty of Assault in the Second Degree on a Pregnant Female and Assault in the Third Degree. The Superior Court sentenced Houser as a habitual offender to a total period of nine years at Level V incarceration, with credit for time previously served, to be suspended after serving eight years in prison for one year of probation. This is Houser's direct appeal.

(2) The State's evidence at trial fairly established the following version of events. Two groups of people met at a house in Newark, Delaware on July 4, 2013 to watch fireworks. An argument ensued regarding Houser's dog, which resulted in a fistfight between Houser and Joseph Blake. After others jumped into the fray, Blake's fiancé, Monya Roberson, tried to break up the fight. Roberson testified that Houser grabbed her, pushed her up against a vehicle and hit her in the face eight or nine times. Roberson further testified that she was yelling at Houser that she was pregnant. Blake also testified at trial. He stated that Houser started the verbal argument and then physically assaulted him. Blake received a fractured jaw as a result of the assault. The jury convicted Houser of felony assault as to Roberson and the lesser included offense of misdemeanor assault as to Blake.

(3) Houser's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Houser's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Houser's attorney informed him of the provisions of Rule 26(c) and provided Houser with a copy of the motion to withdraw and the accompanying brief. Houser also was informed of his right to supplement his attorney's presentation. Houser has not raised any issues for this Court's consideration. The State has responded to the position taken by Houser's counsel and has moved to affirm the Superior Court's judgment.

(4)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold:  (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]

(5)     This Court has reviewed the record carefully and has concluded that Houser's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Houser's counsel has made a conscientious effort to examine the record and the law and has properly determined that Houser could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[*]*Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).